```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA
                 WEST PALM BEACH DIVISION
            CASE NO. 20-61356-CIV-ALTMAN/HUNT

LILAWATEE LOOKRWAH-ANDREWS,
                    ,
              Plaintiffs         FORT LAUDERDALE, FLORIDA
     vs.
                                    AUGUST 28, 2020
BLUEOCEAN MARINE SERVICES, LLC,
                                     PAGES 1 - 17
           Defendant.
_____/


        TRANSCRIPT OF SETTLEMENT CONFERENCE HEARING

          BEFORE THE HONORABLE PATRICK M. HUNT

             UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

FOR THE PLAINTIFF:      ELLIOT ARI KOZOLCHYK, ESQ.
                        320 S.E. 9th Street
                        Fort Lauderdale, FL  33316


FOR THE DEFENDANT:      PETER T. MAVRICK, ESQ.
                        1620 W. Oakland Park Boulevard
                        Suite 300
                        Fort Lauderdale, FL  33311




REPORTED BY:            DIANE M. MILLER, RMR, CRR, CRC
                        Official Court Reporter
                        701 Clematis Street
                        West Palm Beach, FL  33401
                        (561)514-3728
                        diane_miller@flsd.uscourts.gov

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2          THE COURT:  Okay, calling case number
 3   20-61356-CIV-Altman/Hunt, Lilawatee Lookrwah-Andrews versus
 4   BlueOcean Marine, LLC, et al.
 5          Counsel, please announce your appearance for the
 6   record.
 7          MR. KOZOLCHYK:  Good afternoon, Your Honor, Elliot
 8   Kozolchyk behalf of the plaintiff, Lilawatee Lookrwah-Andrews
 9   is here with me.
10          THE COURT:  Okay, good afternoon.
11          MR. MAVRICK:  Good afternoon, Your Honor; Peter
12   Mavrick on behalf of defendants; and my clients, the corporate
13   representatives Michael L. Brochu and Michael W. Brochu are
14   both in attendance, and they are both the corporate
15   representatives for the two corporate defendants.
16          THE COURT:  Thank you.
17          I'm Patrick Hunt, and I'm a magistrate judge.  I'm
18   not here to do any rulings here today.  I'm here to help you
19   settle this case.  We are going off the record for a few
20   minutes; but right now, we are on the record.  One of the
21   things we need to do to start with is for me to confirm that,
22   on behalf of Plaintiff, Mr. Lookrwah-Andrews, is that how you
23   pronounce your last name?
24          THE PLAINTIFF:  Yes.
25          THE COURT:  Okay, I'm sorry, Miss, isn't it?
```

```
 1              THE PLAINTIFF:  Yeah.
 2              THE COURT:  Okay.  Do you have full authority to
 3   settle the case here today without asking permission from
 4   anyone else?
 5              THE PLAINTIFF:  Yes.
 6              THE COURT:  All right.  And how about you, Misters
 7   Brochu, do you each have the authority to settle this case here
 8   today, including with respect to the corporate defendants?
 9              THE DEFENDANT:  Yes.
10              THE DEFENDANT:  Yes, we do.
11              THE COURT:  All right.  Then no one has to make any
12   phone calls with insurance companies or silent partners or
13   anything like that.
14              THE DEFENDANT:  Correct.
15              THE COURT:  Okay.  Like I said, I am a judge, but I'm
16   not here to rule on anything today.  I'm here to help you reach
17   a settlement.  This conference is confidential.  That means a
18   couple different things.  One is that anything that your that
19   lawyer says while submitted in confidential settlement
20   statements I don't share with the other side unless and until
21   the lawyer says it is okay to do so.
22              Also, anything that happens here today, once we go
23   off record, nothing that happens here today can be used against
24   you at trial or in discovery, anything like that.  What happens
25   here will stay here.
```

1          Finally, just as importantly, this has been referred
2    to me for a settlement conference, but I'm not going to be
3    making any decisions in your case.  So when this is over, if we
4    don't settle, all I'll report to Judge Altman is either settled
5    or didn't settle.  So if during the course of this, I get my
6    hands a little bit dirty and you decide that it looks like I'm
7    favoring one side over the other, or I think one side is being
8    stubborn or anything like that, it doesn't matter because, at
9    the end of the day, all I'm going to do is tell Judge Altman
10   either we settled or didn't.  I'm not going to tell him
11   anything else that happened here today, so it's confidential in
12   that respect.
13         Let me start off with my views on settlement, and
14   then we will go off the record, split up in different rooms
15   which we will do virtually.  I'll move back and forth between
16   the rooms and make every effort to try to resolve this.
17         If at any time the lawyers think it makes sense to
18   move both of you in a room without your clients, with or
19   without me, we can do that as well.  There aren't any real
20   rules about how we proceed.  That's just how we are going to
21   start.
22         We are starting a little bit later than we normally
23   do.  It is a little bit after 3:00 already.  I hope to have
24   this finished up by 5:00, so let's try to make some progress
25   early on.

1            In 1850, Abraham Lincoln said this about litigation.
2   He said, "Discourage litigation, persuade your neighbor to
3   compromise whenever you can.  Point out to them how the nominal
4   the winner is often a real loser in terms of fees, expenses,
5   and waste of time."
6            Fewer than 5 percent of civil cases end up going to
7   trial in any given year.  If you go to trial, I can tell you
8   that you will receive a fair trial in front of the judge and
9   jury, but the final result will remain uncertain until the case
10  is tried, but I can tell you the process is fair.  If you
11  litigate this in from of Judge Altman and jury, you are going
12  to receive justice.
13           So why do the overwhelming majority of cases settle?
14  There is a list someone came up called the "Seven C's," and I
15  want to go through those with you now.  The first is "client
16  control over the outcome."  You guys have an active role.  Your
17  role at trial will be passive.  The finder of fact will be the
18  judge or the jury, and they will make the decisions, not you.
19  Today, you are in charge.
20           Second is to "contain costs."  You probably figured
21  out by now that every day of litigation, the costs go up, and
22  it gets much more as you get closer to trial; and during trial,
23  costs goes up even more.  Today, you can contain those costs.
24           Number three is the "certainty of the outcome."  Your
25  lawyers can give you estimates of what they think might happen

1  at trial, but they don't know what is going to happen at trial.
2  It depends on how the witnesses do, what jurors think, rulings
3  on motions, possibly decisions on appeal.  Today, you have
4  certainty, you can control the outcome.
5          Fourth is "confidentiality," and under certain
6  circumstances, the agreement itself can be confidential if the
7  parties wish.
8          Number five is "creativity."  Judges and juries are
9  bound by legal principles [unintelligible] justice, but parties
10 can be creative in fashioning remedies.  I found in doing a lot
11 of these settlement conferences, sometimes it is not all about
12 the money; that sometimes, especially in cases like this
13 involving a small business, sometimes there are things going on
14 that are not just about money, and those things can be
15 discussed in a settlement conference and we can be creative
16 about solutions.  You can't do that at trial, but today we can.
17         Six is "continuing the relationship."  Litigation
18 always increases antagonism; and if, in fact, goes to trial, it
19 makes it even worse.  If you have any kind of continuing
20 relationship, it is much harder after a trial.
21         Finally "closure."  Think about the word "trial."  A
22 trial is an ordeal, and trials are always very stressful.
23 Before becoming a judge, I was a litigator for about 25 years
24 and I tried a lot of cases and every single one of them was
25 stressful from the biggest to smallest, from first to the last.

```
 1   Something is going to go wrong at trial.  Something is going to
 2   happen that your lawyers didn't expect.  And ultimately,
 3   someone is going to win and someone is going to lose; but
 4   sometimes both parties feel like they have lost because they
 5   have spent so much money and they have taken so much time.
 6   Sometimes there is going to be an appeal that will drag it on
 7   evening longer.  A settlement ends the matter.  Trials are
 8   about the past, but settlements are about putting the past
 9   aside and moving on to future.
10             So I have three goals here today.  First, I would
11   like to achieve an agreeable settlement for all parties.
12             Miss Lookrwah-Andrews, do you share that goal?
13             THE PLAINTIFF:  Yes.
14             And how about you, Mr. Michael L. Brochu?
15             THE DEFENDANT:  Yes.
16             THE COURT:  And Mr. Michael W. Brochu?
17             THE DEFENDANT:  Yes.
18             THE COURT:  All right.  You guys are the decision
19   makers, you have the power to make that happen here today.
20             Second, I want to avoid surprises.  I don't want
21   anybody coming back a year from now saying, Judge, I didn't
22   realize I could go through this whole trial and end up with
23   nothing; or, on the other hand, I didn't know I could go
24   through a trial and get hit with a big judgment and thousands
25   of dollars in attorney's fees on top of it.
```

```
 1              Third, I would like the parties to develop a working
 2   relationship.  I know we are pretty early on in this case.  I
 3   hope we settle today; but if we don't, I hope you have enough
 4   of a relationship after this settlement conference is over that
 5   you can keep working on it after we finish here today.
 6              So what we are going to do now is divide up into a
 7   couple rooms.  I think I want to talk with the lawyers first
 8   with or without your clients because there seems to be -- and
 9   this happens fairly frequently these days, there is a little
10   bit of disconnect in where you see this case, where you see the
11   posture of settlement discussions at this moment, so I want to
12   talk to you about that before we get started because I would
13   like to have some common ground.
14              Do you have any preference whether I do that in front
15   of clients or do it separately, Mr. Kozolchyk?
16              MR. KOZOLCHYK:  I don't mind my client being here.
17              THE COURT:  Mr. Mavrick?
18              MR. MAVRICK:  I prefer my clients be participants
19   in it.
20              THE COURT:  All right.  And this will just be quick,
21   but we will do that off the record.  Let's go off the record
22   now, and we will start this, all of us in the same room; but as
23   soon as we get some common ground established about what the
24   settlement negotiations have been up to now, then we are going
25   to divide up into rooms.  So as of now, we are going off the
```

1  record.
2      (Discussion off the record)
3          THE COURT:  Call the case please.
4          THE COURTROOM DEPUTY:  Calling case number
5  20-61356-CIV-ALTMAN/HUNT, Lilawatee Lookrwah-Andrews versus
6  BlueOcean Marine Services, LLC, et al.
7          THE COURT:  Counsel, if you could please announce
8  your appearances for the record.
9          MR. KOZOLCHYK:  Attorney Elliot Kozolchyk on behalf
10 of Plaintiff, Miss Lookrwah-Andrews.
11         THE COURT:  Okay.  For Defense.
12         MR. MAVRICK:  Peter Mavrick on behalf of all
13 defendants.
14         THE COURT:  All right.  Both Miss Lookrwah-Andrews
15 and Mr. Michael L. and Michael W. are present, is that correct?
16         MR. MAVRICK:  Correct.
17         MR. KOZOLCHYK:  Yes, correct.
18         THE COURT:  All right, it is about 5:30.  We have
19 been at this since about 3:00.  I believe we have an agreement,
20 and let me ask Mr. Mavrick to read the fundamentals of
21 agreement into the record.
22         MR. MAVRICK:  Okay.  Defendants shall pay Plaintiff
23 $7,564 as full settlement for any possible wages and other
24 damages as well as Plaintiff's attorney's fees and costs.
25             As a condition precedent for these payments,

```
 1  Plaintiff shall generally release all defendants named in
 2  lawsuit or all -- general release of all plaintiffs and
 3  defendants as well as their agents just like a normal general
 4  release, and the general release will include release of any
 5  potential future lawsuits based on anything that occurred from
 6  the date of signing the agreement into the past as well as any
 7  debts or obligations that any of the defendants may -- the
 8  plaintiff may claim owed to her from the past, any equity that
 9  any of the defendants may owe the plaintiff or plaintiff have
10  any interest or financial interest in any of the defendants.
11  All of those are given up and fully released and cannot be sued
12  upon or claimed in the future by the plaintiff.
13          Correspondingly, the defendants shall execute general
14  releases correspondingly of the same scope as a general release
15  of the plaintiff.  The Court must approve the settlement, and
16  the Court must dismiss the case with prejudice with each party
17  to bear its own respective attorney's fees and costs.
18          Plaintiff shall agree that she shall not be rehired
19  nor shall she apply to be hired by any of the defendants named
20  in the lawsuit.
21          Plaintiff, at the time she signs the settlement
22  agreement which is the condition, the plaintiff must sign the
23  settlement agreement and the defendants must sign the
24  settlement agreement with these terms.  The plaintiff
25  represents and warrants that she does not have any property
```

```
 1   that belongs to or ever belonged to any of the defendants.
 2              In addition, Plaintiff shall keep confidential all
 3   information concerning Defendants and all information she
 4   learned during her employment/business relationship with
 5   Defendants and all aspects of her employment/business
 6   relationship with Defendants shall be kept confidential by
 7   Plaintiff.
 8              With respect to all aspects of the settlement
 9   agreement, the prevailing party, and any lawsuit concerning any
10   alleged violation of the settlement agreement or any provision
11   of the settlement agreement" shall recover its, his, or her
12   reasonable attorney's fees and costs from the nonprevailing
13   party.
14              THE COURT:  Is that everything?
15              MR. MAVRICK:  That's everything.  Those are the
16   principle terms.
17              THE COURT:  Mr. Kozolchyk, are you okay with those
18   terms?
19              MR. KOZOLCHYK:  Yeah.  I just want to add that the
20   general release and the mutual general release are equal in
21   scope to both parties.
22              THE COURT:  I think that's what was said; is that
23   right, Mr. Mavrick?
24              MR. MAVRICK:  That's correct.
25              THE COURT:  Mutual general release equal in scope for
```

1  both parties.
2        Let me ask, Mr. Kozolchyk, to let me know what the
3  split will be.
4        MR. KOZOLCHYK: Three thousand dollars to the client,
5  4,000 in attorney's fees, and $564 in costs.
6        THE COURT: Okay. All right. And it is the
7  intention of the parties to reduce this into a written
8  agreement, and the terms that you just read into the record
9  will be effective as of the date of the signing of that
10 agreement. You are going to submit that agreement to me, and
11 we will do a telephonic appearance at that time; is that
12 everyone's agreement?
13       MR. MAVRICK: Can I just clarify one thing? The
14 amount of fees and costs is 4,564?
15       MR. KOZOLCHYK: Yes.
16       THE COURT: Four thousand in fees, 564 in costs,
17 right?
18       MR. KOZOLCHYK: Yes.
19       MR. MAVRICK: Of the 3,000, 1500 is wages, 1500 is
20 liquidated and other damages?
21       MR. KOZOLCHYK: Sure.
22       THE COURT: Okay. You will put that in the agreement
23 that you will submit to me for approval, correct?
24       MR. MAVRICK: That's correct.
25       THE COURT: How long --

```
 1              MR. KOZOLCHYK:  Okay, hang on.  The counterclaims are
 2   going to be dismissed with prejudice too with each side to bear
 3   their own fees and costs, right?
 4              MR. MAVRICK:  Precisely.
 5              THE COURT:  All right.  You are going to submit a
 6   written agreement to me.  How much time do you need to do that?
 7              MR. MAVRICK:  I think at the most seven days.  I have
 8   already got a draft which I'll send to Mr. Kozolchyk by Monday
 9   and --
10              THE COURT:  Mr. Kozolchyk?
11              MR. KOZOLCHYK:  I would like more time.  You know, I
12   would rather err on the side of caution.
13              THE COURT:  Ten days?
14              MR. KOZOLCHYK:  How about -- is 14 okay?
15              MR. MAVRICK:  I'm sorry, how long?
16              THE COURT:  Fourteen days.
17              MR. KOZOLCHYK:  Is 14 days okay?
18              MR. MAVRICK:  I'm fine with that.
19              THE COURT:  All right.  So you will submit a
20   settlement agreement within 14 days; at that point, we will set
21   a telephonic status conference.
22              MR. KOZOLCHYK:  Your Honor -- I'm sorry -- one more
23   thing, I apologize.  And is the dismissal with prejudice
24   conditioned on the Court's retaining jurisdiction to enforce
25   settlement terms?
```

```
 1                THE COURT:  Right.  How long do you think you expect
 2   for that?  I expect payment will be right away, right?
 3                MR. KOZOLCHYK:  When is payment going to be
 4   delivered?
 5                MR. MAVRICK:  I haven't asked the clients the time of
 6   the payment, but I should say we would make payment within 30
 7   days of the -- or the Court's dismissal of the lawsuit.
 8                MR. KOZOLCHYK:  How about two weeks?
 9                MR. MAVRICK:  Well, I have to ask them.  If you want
10   to hold, I can check with the clients.
11                THE COURT:  No; you are going to put that into your
12   agreement, and I'll deal with that at the time.  So I will
13   maintain jurisdiction for a reasonable time to insure that the
14   terms of the agreement are carried out.  You will specify that
15   term in the settlement agreement; and when we have the fairness
16   hearing, I will issue an order that retains jurisdiction for
17   the amount that you guys agreed good upon, okay?
18                MR. KOZOLCHYK:  We need a consent to you, as well,
19   Your Honor.
20                THE COURT:  Yeah, please -- if that's the way you
21   want to do it, yes, do a consent.  Elliot, I think you have
22   forms, fill it out and send them to Peter and get that taken
23   care of.
24                MR. KOZOLCHYK:  Sure.
25                THE COURT:  All right.  So if that's all taken care
```

```
 1  of by the time we get the agreement, we will simply set it for
 2  a telephonic fairness hearing.  At that point, I'll have
 3  jurisdiction and I'll be able to enter an order and we will
 4  have the case closed.
 5           Does that cover everything as far as you are
 6  concerned, Mr. Kozolchyk?
 7           MR. KOZOLCHYK:  Yes.
 8           THE COURT:  Thank you.
 9           Mr. Mavrick?
10           MR. MAVRICK:  Yes; thank you, Your Honor.
11           THE COURT:  All right.  Miss Lookrwah-Andrews, you
12  heard the general terms of the agreement; is that satisfactory
13  to you?
14           THE PLAINTIFF:  Yes.
15           THE COURT:  And how about you Michael L. Brochu, you
16  heard the terms of the agreement, are you okay with those
17  terms?
18           THE DEFENDANT:  Yes.
19           THE COURT:  And Michael W. Brochu?
20           THE DEFENDANT:  Yes.
21           THE COURT:  And between the two of you, you are both
22  speaking on behalf of the corporations as well?
23           THE DEFENDANT:  Yes.
24           THE COURT:  All right, then I want to thank both
25  sides for working diligently to try to get it resolved.  We
```

```
 1  made great progress.  I'm sure Judge Altman is happy; I'm
 2  happy; I'm sure your clients are happy as well.  Maybe "happy"
 3  is too strong a word, but people walk away a little bit not
 4  happy, that's probably a good settlement.
 5           So I will expect a settlement agreement within 14
 6  days; and if you consent to me, we will then set it for a
 7  fairness hearing.  We will take care of all of the loose ends
 8  and enter an order dismissing with prejudice along the lines of
 9  the agreement that was just outlined.
10           Does that cover everything, Mr. Kozolchyk?
11           MR. KOZOLCHYK:  Yes, Your Honor; have a great night.
12  Thank you for your hard work.
13           THE COURT:  Thank you.
14           Mr. Mavrick, does that cover everything?
15           MR. MAVRICK:  Yes, Your Honor, thank you.
16           THE COURT:  Again, thank you, everyone.  Does that
17  cover everything?
18           MR. KOZOLCHYK:  Yes, I believe so.
19           THE COURT:  Thank you all, have a good night.
20           MR. MAVRICK:  Thank you.
21           THE COURT:  All right, bye.
22       (PROCEEDINGS ADJOURNED)
23
24
25
```

```
 1                    C-E-R-T-I-F-I-C-A-T-E

 2              I hereby certify that the foregoing is

 3         a transcription, to the best of my ability, of the

 4         DIGITAL AUDIO RECORDING of proceedings in the

 5         above-entitled matter.

 6
     10/1/2020                      /s/DIANE MILLER
 7    DATE                       DIANE MILLER, RMR, CRR
                                 Official Court Reporter
 8                               United States District Court
                                 701 Clematis Street, Room 259
 9                               West Palm Beach, FL  33401
                                 561-514-3728
10

11

12   F-I-C-A-T-E

13              I hereby certify that the foregoing is

14         an accurate transcription and proceedings in the

15         above-entitled matter.

16
     _____                     _____
17    DATE                       DIANE MILLER, RMR, CRR, CRC
                                 Official Court Reporter
18                               United States District Court
                                 701 Clematis Street, Room 259
19                               West Palm Beach, FL  33401
                                 561-514-3728
20

21

22

23

24

25
```