## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Settlement Agreement") is made by and between Lilawatee Lookrwah-Andrews ("Plaintiff") and Defendants Blueocean Marine Services LLC, Blu O Realty, LLC, Michael L. Brochu, and Michael W. Brochu (jointly, severally and collectively, the "Defendants") concerning Plaintiff's lawsuit under Fair Labor Standards Act, 29 U.S.C § 201-219 ("FLSA") in the United District Court for the Southern District of Florida seeking overtime wages, liquidated damages, attorneys' fees, and costs and the counterclaims filed by Defendant Blueocean Marine Services LLC against Plaintiff for breach of duty of loyalty, trespass to chattels, conversion, replevin, and for violation of the Defend Trade Secrets Act, seeking damages, attorneys' fees, costs, and other relief (the "Lawsuit"). Plaintiff and Defendants deny liability to each other. On August 27, 2020 at the Judicial Settlement Conference, Plaintiff and Defendants agreed on the record to the following mutual obligations and consideration that comprises this Settlement Agreement:

1. **Settlement Payments.** Following the parties' signatures to this Settlement Agreement, and provided that there is prior Court-approval of this Settlement Agreement with the parties' request that the Court retain jurisdiction for 30 days to enforce, Defendants shall pay to Plaintiff $7,564 (comprised of $1,500 in wages to Plaintiff; $1,500 in liquidated and other damages to Plaintiff, and $4,564 in attorneys' fees and costs) as full settlement for any possible wages and other damages as well as Plaintiff's attorney's fees and costs. The settlement amount of $7,564 shall be paid as follows:

    (1)   One check for $1,500 (less tax withholdings at the usual and customary rate) payable to Plaintiff for unpaid overtime wages under the FLSA. This payment shall



1

be subject to appropriate withholdings, and Defendant Blueocean Marine Services LLC shall issue a Form W-2 by for this calendar year.

(2) A second check for $1,500 payable to Plaintiff as liquidated damages under the FLSA and any other damages or compensation that may be owed to Plaintiff. This payment shall be paid without any withholding, and Defendant Blueocean Marine Services LLC shall provide Plaintiff a Form 1099 for this check in January 2021. As a condition to Defendants' obligation to remit payments pursuant to this Agreement, Plaintiff shall complete a Form W9 attached hereto as Exhibit 1.

(3) A third check for $4,564 payable to Plaintiff's counsel as attorneys' fees and costs. As a condition to Defendants' obligation to remit payments pursuant to this Agreement, Plaintiff's counsel shall complete a Form W9, which is attached hereto as Exhibit 2. Defendant shall provide Plaintiff's counsel a Form 1099 for this check.

The three settlement checks shall be delivered to Plaintiff's counsel, by not later than 10 calendar days after Court approval of this Agreement and dismissal of the Lawsuit with prejudice, with each party to bear its own respective attorneys' fees and costs except as set forth herein.

2. **Plaintiff's General Release.** The Plaintiff generally releases and forever discharges Defendants Blueocean Marine Services LLC and Blu O Realty, LLC (and their predecessors and successors in interest, affiliates, joint-venturers, assignees, owners, managing members, managers, agents, employees, attorneys and representatives in their individual and official capacities and their heirs and legal representatives), and Defendants, Michael L. Brochu, and Michael W. Brochu (and their heirs, executors, administrators, agents, attorneys, beneficiaries,

and joint-venturers and any legal entity owned by Michael L. Brochu or Michael W. Brochu), of and from any and all claims and possible claims, including but not limited to any federal or state statutory, common law, equitable, or other possible claims, demands, all manner of action and actions, causes of action, suits, administrative proceedings, debts, liabilities, dues, attorneys' fees, statutory claims (including but not limited to any possible claims of age discrimination under the federal Age Discrimination in Employment Act of 1967 (29 U.S.C. §621 et seq.), as amended (ADEA), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Florida Civil Rights Act of 1992, Sections 1981 through 1988 of Title 42 of the United States Code, the Constitutions of the United States and the State of Florida, the Employee Retirement Income Security Act of 1974; the Florida Health Insurance Coverage Continuation Act, the Florida Wage Discrimination Law, Florida Wage and Hour laws, any Florida or federal whistleblower laws, the Internal Revenue Code, the Rehabilitation Act, the Consolidated Omnibus Budget Reconciliation Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act, including the Older Workers Benefit Protection Act, the Equal Pay Act of 1963, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the National Labor Relations Act, and all other state and local anti-discrimination laws, the Fair Labor Standards Act for minimum and overtime wages and retaliation, state whistle blower laws, state laws concerning minimum wages and other state wage laws, local wage ordinances, or any other federal, state, or local civil or human rights law or any other federal, state, or local law, regulation, or ordinance), sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, contractual obligations (whether oral, written or based on promissory estoppel), controversies, agreements, promises, any equity interest in any of

3

the Defendants, any interest or financial interest in any of the Defendants, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever and of any kind or nature whatsoever, whether in law or in equity, known or unknown, matured or unmatured, accrued or unaccrued, which Plaintiff (including her heirs, executors, agents, attorneys, beneficiaries, joint-venturers, and any legal entity owned by Plaintiff) ever had, may have, or now has by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims that were actually asserted, might have been asserted, or could have been asserted by Plaintiff in any arbitration proceeding, legal action, legal proceeding, equitable action, or equitable proceeding up to the last date of the signing of this Agreement. Except for claims arising after this Agreement is executed by the Parties, all other claims and possible claims are forever barred by this Agreement, regardless of the forum or form in which such claims might be brought. This Release is inclusive (without limitation) of all such claims that could have been asserted by Plaintiff in any court or forum through the date all parties hereto have signed this Agreement. *Provided, however, that nothing contained herein shall act as a release of the obligations imposed by this Agreement.*

3. **Defendants' General Release.** The Defendants generally release and forever discharge Plaintiff (and her heirs, executors, administrators, agents, attorneys, beneficiaries, joint-venturers, and any legal entity owned by Plaintiff), of and from any and all claims and possible claims, including but not limited to any federal or state statutory, common law, equitable, or other possible claims, demands, all manner of action and actions, causes of action, suits, administrative proceedings, debts, liabilities, dues, attorneys' fees, statutory claims (including but not limited to any possible claims of age discrimination under the federal Age Discrimination in Employment

4

Act of 1967 (29 U.S.C. §621 et seq.), as amended (ADEA), Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Florida Civil Rights Act of 1992, Sections 1981 through 1988 of Title 42 of the United States Code, the Constitutions of the United States and the State of Florida, the Employee Retirement Income Security Act of 1974, the Florida Health Insurance Coverage Continuation Act, the Florida Wage Discrimination Law, Florida Wage and Hour laws, any Florida or federal whistleblower laws, the Internal Revenue Code, the Rehabilitation Act, the Consolidated Omnibus Budget Reconciliation Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act, including the Older Workers Benefit Protection Act, the Equal Pay Act of 1963, the Occupational Safety and Health Act, the Family and Medical Leave Act of 1993, the National Labor Relations Act, and all other state and local anti-discrimination laws, the Fair Labor Standards Act for minimum and overtime wages and retaliation, state whistle blower laws, state laws concerning minimum wages and other state wage laws, local wage ordinances, or any other federal, state, or local civil or human rights law or any other federal, state, or local law, regulation, or ordinance), sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, contractual obligations (whether oral, written or based on promissory estoppel), controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever and of any kind or nature whatsoever, whether in law or in equity, known or unknown, matured or unmatured, accrued or unaccrued, which Defendants (including their heirs, executors, agents, attorneys, beneficiaries, joint-venturers, and any legal entity owned by Defendants) ever had, may have, or now has by reason of any matter, cause, or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to,

any and all claims that were actually asserted, might have been asserted, or could have been asserted by Defendants in any arbitration proceeding, legal action, legal proceeding, equitable action, or equitable proceeding up to the last date of the signing of this Agreement. Except for claims arising after this Agreement is executed by the Parties, all other claims and possible claims are forever barred by this Agreement, regardless of the forum or form in which such claims might be brought. This Release is inclusive (without limitation) of all such claims that could have been asserted by Defendants in any court or forum through the date all parties hereto have signed this Agreement. *Provided, however, that nothing contained herein shall act as a release of the obligations imposed by this Agreement.*

4. **No-Rehire and Confidentiality**. Plaintiff shall not seek to be re-hired, nor shall Plaintiff apply to be hired, by any of the Defendants. Plaintiff represents and warrants that she does not have any property that belongs or ever belonged to any of the Defendants. In addition, Plaintiff shall keep confidential all information concerning Defendants and all information she learned during her employment/business relationship with Defendants and all aspects of her employment/business relationship with Defendants shall be kept confidential by Plaintiff.

5. **Enforcement of Agreement:** Should any Party to this Agreement file a lawsuit or initiate a court proceeding concerning any obligation under this Agreement, the prevailing party in any such lawsuit or court proceeding shall be entitled to his/her/its reasonable attorneys' fees and costs from the non-prevailing party. The exclusive forum for any dispute under or relating to

6

this Settlement Agreement shall be the state courts located in Broward County, Florida or the United States District Court for the Southern District of Florida.

A pdf format copy of this Settlement Agreement and signatures thereto shall be deemed to be an original.

Date: October 26, 2020 _____
Lilawatee Lookrwah-Andrews

Date: October 27, 2020 _____
Michael L. Brochu, Sr.
On behalf of himself individually, and
As Managing Member of Blueocean Marine Services LLC and
As Managing Member of Blu O Realty, LLC

Date: October 27, 2020 _____
Michael W. Brochu, Jr.

7